**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-22057-CV-MIDDLEBROOKS

XIN YUAN,

      Petitioner,

v.

WARDEN REBECCA THOMAS,
KROME NORTH SERVICE PROCESSING
CENTER, *et al.*,

      Respondents.

_____/

## ORDER TO SHOW CAUSE-28 U.S.C. § 2241

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus (DE 1) ("Petition") with supporting Memorandum of Law ("Memorandum") (DE 1-1) brought pursuant to 28 U.S.C. § 2241 by Petitioner Xin Yuan ("Petitioner"), while a pretrial detainee confined at the Krome North Service Processing Center ("Krome Center") in Miami, Florida.  Construed liberally, Petitioner asserts that he is being unlawfully detained by immigration officials and seeks an Order from the Court requiring immigration officials to immediately release him from custody. (DE 1-1 at 27).

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003).  Eleventh Circuit has made clear that "[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment."  *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)).  Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the

writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. It is thereupon

**ORDERED AND ADJUDGED** as follows:

1.      Counsel for the Respondent shall **immediately** notify the Court of receipt of this Order of the name of the Assistant United States Attorney to whom the case is assigned.

2.      On or before **<u>April 1, 2026</u>**, Respondent shall file a memorandum of fact and law to show cause why this Amended Petition should not be granted and shall file all necessary documents for the resolution of the Amended Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "[s]hall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Respondent shall file the response and appendix simultaneously, but if unable to do so, then Respondent shall file a motion for extension of time, explaining in detail the need for the time extension.

3.      Counsel for Respondent is requested to caption the response as a "Response" and <u>not</u> a "Motion to Dismiss." The statute, 28 U.S.C. § 2243, calls for a "Return." Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought. <u>Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received.</u>

4.      **Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response.** *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes"); *Rodriguez*

*v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[a]ll documents referenced in the State's [Respondent's] answer and filed with the Court . . . must be served on the habeas petitioner.").

5.      During the pendency of this federal habeas corpus proceeding, Respondent **SHALL NOT** remove or transfer Petitioner out of the jurisdiction of this Court without prior order from the Court permitting them to do so.

6.      Petitioner may, but is not required to, file a reply within **ten (10) days** of the date on which the Respondents' answer is docketed, which date is shown by the answer's certificate of service. The Court cautions Petitioner that he or she must take any potential mailing delays into consideration in determining when to submit the reply to prison officials for mailing. If the reply is not filed within **ten (10) days** of the date of docketing of the Respondent's answer, the Court will deem the matter submitted and will not consider any untimely reply. *See* Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts ("The petitioner may submit a reply to the respondent's answer . . . within a time fixed by the judge.").

7.      Petitioner's reply, if any, shall not exceed **ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

**SIGNED** in Chambers at West Palm Beach, Florida, this 27th day of March, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Xin Yuan,** *Pro Se*
A# 216242853
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**United States Immigration & Naturalization Services Attorney**
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov