**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  26-22057-CV-MIDDLEBROOKS**

XIN YUAN,

      Petitioner,

v.

WARDEN REBECCA THOMAS,
*et al.*,

      Respondents.

_____/

**ORDER DENYING**
**PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus ("Petition") (DE 1) with supporting memorandum of law ("Memorandum") (DE 1-1) brought pursuant to 28 U.S.C. § 2241 by Petitioner Xin Yuan ("Petitioner") challenging his ongoing detention by immigration officials.  (DE 1; DE1-1).  As relief, Petitioner seeks an Order from me directing that immigration officials immediately release him from custody.  (DE 1 at 7).  Upon consideration of the Petition (DE 1; ) with supporting Memorandum (DE 1-1), the Respondent's Response in Opposition ("Response") with supporting exhibits (DE 9), Petitioner's Reply (DE 10), pertinent portions of the record, and relevant authorities, for the reasons discussed below, the Petition (DE 1) is **DENIED**.

**I.  BACKGROUND**

Petitioner is a native of China and a citizen of the Peoples Republic of China was admitted into the United States on "a nonimmigrant B2 Visa" on May 8, 2017 'with authorization to remain

in the United States for a temporary period not to exceed November 7, 2017." (DE 9 at 1 (citing Notice to Appear, DE 9-2, Ex. A at 1)).

On November 22, 2022, Petitioner was arrested by the Rock Springs Police Department in Wyoming for trespassing. (DE 9 at 2 (citing Record of Deportable Alien (Form I-213), DE 9-3, Ex. B at 3)). "The disposition of the case remains unknown." (*Id.* (citing *Id.*)). On or about September 1, 2024, Petitioner was arrested in Monroe County, Florida for trespassing but, before enforcement action could be taken, Petitioner was released from local custody. (DE 9 at 2 (citing Record of Deportable Alien (Form I-213), DE 9-3, Ex. B at 2–3).

On or about March 6, 2025, after immigration officials discovered Petitioner following his arrest for trespassing in Daytona Beach, Florida, he was transferred by immigration officials to Immigration and Customs Enforcement ("ICE") custody and issued a Notice to Appear. (DE 9 at 2 (citations omitted)); *see also* DE 9-2, Ex. B at 2). On April 4, 2025, an immigration judge ("IJ") entered an Order denying Petitioner's request for a custody redetermination ("bond") finding Petitioner failed to meet his burden that he does not present a danger to persons or property, is not a threat to the national security of the United States and does not pose a flight risk. (DE 9 at 2; DE 9-5, Ex. D at 1).

On April 15, 2025, the Department of Homeland Security ("DHS") placed Petitioner in removal proceedings after finding Petitioner "unlawfully remaining in the United States beyond November 7, 2017," and issued a Notice to Appear ("NTA") charging Petitioner under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). (DE 9-2 at 1).

On September 19, 2025, an Order was entered by an IJ who found Petitioner removable and ordered him removed to China. (DE 9-6, Ex. E at 1–4). According to Respondent, on that

same date, Petitioner waived his right to appeal the IJ's Order.  (DE 9 at 2; (citing DE 9-6, Ex. E at 4)).

Less than a week later, on September 25, 2025, Petitioner was transferred from ICE custody to state custody pursuant to an active warrant.  (DE 9 at 3 (citing Detention History, DE 9-7, Ex. F at 1).  On January 9, 2026, Petitioner was returned to ICE custody.  (DE 9 at 3 (citing Detention History, DE 9-7, Ex. F at 1).  Since his transfer in January 2026, Petitioner has remained in ICE custody.  (DE 1; DE 9 at 3).  Petitioner now seeks habeas corpus relief, arguing that his continued detention is unlawful.  (DE 1).

## II.   LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A petition under § 2241 is the appropriate vehicle for a federal prisoner "to challenge the execution of his [or her] sentence, such as the deprivation of good-time credits[.]"  *McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc*., 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc).  "It is the petitioner's burden to establish his [or her] right to habeas relief[,] and he [or she] must prove all facts necessary to show a constitutional violation."  *Blankenship v. Hall,* 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

## III.   DISCUSSION

Petitioner claims that he has been detained for an unreasonably prolonged period of time following the entry of an order of removal and, therefore, seeks immediate release from immigration custody.  (DE 1.)  Specifically, in Ground One, Petitioner claims his continued detention is unlawful pursuant to *Zadvydas v. Davis*, 533 U.S. 578 (2001).  (DE1 at 6).  In Grounds Two and Three, Petitioner alleges that his continued detention in excess of six months violates

substantive and procedural due process.  (*Id.* at 6–7).  As relief, Petitioner requests that Respondent "transfer Petitioner outside the Southern District of Florida" (DE 1 at 7) and/or order his "immediate release" from immigration custody (DE 1-1 at 27).

In their Response, Respondents do not contest jurisdiction,[1] but argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231 because he is subject to a final order of removal from the United States.  (DE 9 at 5.)  Respondent also argues that Petitioner's *Zadvydas* claim is premature and, therefore, he is not entitled to habeas corpus relief.  (*Id.*)

Where, as here, an order of removal was entered prior to the filing of this Petition, Petitioner's immigration detention is governed by 8 U.S.C. § 1231.  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("[§]1231 explains what to do if a [noncitizen] is ordered removed.")  Pursuant to § 1231(a)(1)(A), "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days."  Further, detention during the removal period is mandatory.  8 U.S.C. § 1231(a)(2)(A).  Because Petitioner is subject to a final order of removal, he is not entitled to immediate release from immigration custody.  *See* 8 U.S.C. § 1231; *see also Johnson*, *supra*.

Petitioner, however, argues that he is entitled to immediate release pursuant to *Zadvydas* because he has not been removed during the ninety day removal period, and his continued detention as a noncitizen beyond the ninety-day period is unreasonable.  (DE 1 at 6–7.)  In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns.  *Zadvydas*, 533 U.S. at 590–99.  Once an order of removal is final, however, the government may continue to detain an noncitizen only for a

---

[1] Indeed, Respondents filed this abbreviated response focusing their argument on the fact that Petitioner is subject to mandatory detention and his *Zadvydas* claim is premature.

reasonable period of time. *See Id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. In *Zadvydas*, the Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's detention is governed by § 1231 because a final order of removal was entered on September 19, 2025. (DE 10-1 at 4; DE 9-2, Ex. B at 3 ¶¶ 20–21; DE 9-7, Ex. G at 1.) On September 25, 2025, Petitioner was removed from immigration custody and transferred to state custody to answer state court charges and then returned to immigration custody on January 9, 2026. (DE 9 at 6 (citing Detention History, DE 9-7, Ex. F at 1)). Less than four months later, on March 19, 2026, Petitioner filed the Petition presently before me for consideration. (DE 1 at 8). As argued correctly by Respondent, Petitioner has not been detained for more than six months.[2]

---

[2] The Petition is premature because Petitioner has not been detained for more than six months. Petitioner has been in ICE detention since January 2026, therefore, the detention is lawful under *Zadvydas*. *See Guerra-Castro v. Parra*, No. 1:25-cv-22487-GAYLES, 2025 WL 1984300, at *3–*4 (S.D. Fla. Jul. 17, 2025) (first citing *Thai v. Hyde*, No. 25-11499-NMG,

*Zadvydas*, 533 U.S. at 701; *see also Akinwale*, 287 F.3d at 1050 (finding "the [noncitizen] not only must show post removal order detention is in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").  Thus, until the six-month *Zadvydas* period expires, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[3]

## IV.  CONCLUSION

Based on the foregoing, it is **ORDERED and ADJUDGED** that

1.      The Petition (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

2.      All pending motions not otherwise ruled upon are **DENIED, AS MOOT**.

3.      The Clerk of Court **SHALL** close this case.

**SIGNED** in Chambers at West Palm Beach, Florida, this 21st day of April, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Xin Yuan,** *Pro Se*
A# 216242853
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

---

2025 WL 1655489, at *3 (D. Mass. 2025) (finding six-month *Zadvydas* period had not yet accrued, and Petitioner's previous ICE detention and years of release under an Order of Supervision did not count towards the detention period); then citing *Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at *3, 4 (M.D. Ga. Mar. 14, 2018) (accord)).

[3] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

**Brittany B. Brock, AUSA**
U.S. Attorney's Office
Email: brittany.brock@usdoj.gov